2004 OK 96

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Gina Ann COWLEY, formerly Gina Ann Cowley Crabtree, Respondent.**

**No. SCBD # 4958.**

Supreme Court of Oklahoma.

Dec. 14, 2004.

As Corrected Jan. 19, 2005.

---

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Gina Cowley pending disciplinary proceedings, this Court finds:

1. On October 19, 2004, Cowley submitted her written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Cowley's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) she was not subject to coercion or duress; and c) she was fully aware of the consequences of submitting her resignation.

3. Cowley states the following in her affidavit of resignation:

I am aware the following proceedings are currently pending:

(a) DC 04–170–A grievance has been lodged with the Office of the General Counsel on May 25, 2004, alleging I am in possession of a file belonging to the grievant, an inmate incarcerated by the Department of Corrections (DOC), and alleging I failed to respond to two requests by the General Counsel to return the file.

(b) DC 04–204–A grievance was lodged with the Office of the General Counsel on June 22, 2004, alleging I was retained to initiate a governmental tort claims action on behalf of the grievant. I ignored several letters from my client, a DOC inmate, requesting communication on the status of his case. The General Counsel made two requests for me to communicate with the grievant and I allegedly failed to do so.

(c) DC 04–238–A grievance was lodged with the Office of the General Counsel on August 6, 2004, alleging I was retained for a fee of $4,000 of which $2001 was paid by the grievant, a DOC inmate, to represent him in an application for post-conviction relief. The grievance alleges I abandoned my practice and will not communicate with the grievant.

(d) DC 04–257–A grievance was lodged with the Office of General Counsel on August 23, 2004, alleging I was retained for a fee of $1,500 to represent the grievant, a DOC inmate, to file an application for post-conviction relief in an effort to secure a new trial. The grievance alleges I changed my telephone number and abandoned my client.

(e) DC 04–263–A grievance was lodged with the Office of General Counsel on August 25, 2004, alleging the grievant retained me to file a governmental subdivision tort claim action against the City of Tahlequah. My client is incarcerated by the DOC at the Muskogee Community Corrections Center. The grievance alleges neglect and abandonment.

(f) DC 04–274–A grievance was lodged with the Office of the General Counsel on September 3, 2004, alleging I was retained for a fee of $1,700 to represent the grievant's son, an inmate incarcerated by DOC. I was allegedly to attempt to have the client transferred to a minimum security prison for substance abuse treatment and file an application for judicial review. The grievance alleges I abandoned the case.

(g) DC 04–288–A grievance was lodged with the Office of the General Counsel on September 9, 2004, alleging I was retained for a fee of $3,500 to represent the grievant's brother, a DOC inmate, in a judicial review and to intervene and get him into a substance abuse treatment program. The grievance further alleges I neglected my client and did nothing on his behalf. The grievance also alleges an inability to communicate with me.

(h) DC 04–315 & 04–316–Grievances were lodged with the General Counsel on October 1, 2004, alleging I was retained for a fee of $3,000 to represent the grievant's two sons, who are inmates incarcerated by the DOC, before the Pardon and Parole board in an effort to modify their sentences. The complaint further alleges I misrepresented that I had sent parole packets to my clients. The second grievance was filed by the son of the grievant in DC 04–315. Both grievances allege that I will not communicate with my clients.

(i) DC 04–317–A grievance was lodged with the Office of the General Counsel on October 14, 2004, alleging I was retained for an unspecified fee to represent the grievant, a DOC inmate, in a parole hearing scheduled for August and that I failed to appear at the hearing. The grievance alleges neglect and abandonment.

4. Cowley is aware that the allegation set forth, if proven, would constitute violations of Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings; and Rules 1.1, 1.2, 1.3, 1.4, 1.16, 8.1(b), 8.4(a)(d), Oklahoma Rules of Professional Conduct, 5 O.S. ch. 1, app. 3–A and her oath as an attorney.

5. Cowley's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch.1, app. 1–A (1991), and it should be approved.

6. The Oklahoma Bar Association has waived any costs incurred in this matter.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Gina Ann Cowley be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Cowley may not make application for reinstatement prior to the expiration of five years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, cp. 1, app. 1–A, Cowley shall notify all of her clients having legal business pending with her within twenty days, by certified mail, of her inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be a condition of reinstatement.

Concur: WATT, C.J., LAVENDER, HARGRAVE, KAUGER, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, JJ.